FILED
OCT 17 2024
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | INDICTMENT |
| Plaintiff, ) | |
| ) | **4:24 CR 00389** |
| v. ) | CASE NO. _____ |
| ) | Title 18, United States Code, |
| SHREYAS BALDEVBHAI CHAUDHARY, ) | Section 1956(h) |
| YASH RAVAL, ) | |
| TRUSHA CHAUDHARY, ) | **JUDGE CALABRESE** |
| ) | |
| Defendants. ) | |

## GENERAL ALLEGATIONS

At all times relevant to this Indictment, unless otherwise specified:

1. Defendants YASH RAVAL and TRUSHA CHAUDHARY were present in the United States.

2. Defendant SHREYAS BALDEVBHAI CHAUDHARY, a citizen of the Republic of India, was residing in India.

3. Victim 1 was a real person, known to the Grand Jury, and resided in or around Salem, Ohio, in the Northern District of Ohio, Eastern Division. Victim 1 was an "elder" as defined in Title 42, United States Code, Section 1397j(5) because Victim 1 was 60 or more years old.

4. Victim 2 was a real person, known to the United States Attorney, and resided in or around Canon City, Colorado, in the District of Colorado. Victim 2 was an "elder" as defined in Title 42, United States Code, Section 1397j(5) because Victim 2 was 60 or more years old.

5. An India-based Call Center Scam ("CCS") was a type of fraud scheme that generally obtained funds and other things of value from victims by means of material misrepresentations using the following steps:

    a. A perpetrator posing as a customer service employee at a company or bank contacts a victim (typically an elder) and falsely claims the victim's account with the company or bank has been compromised, such as a hacking event. The purported customer service employee refers the victim, directly or indirectly, to another perpetrator posing as a law enforcement agent or a bank employee, with the purported goal of assisting the victim in avoiding or mitigating the effects of the account compromise.

    b. The purported law enforcement agent or bank employee discusses the incident with the victim, validating the false story that the purported customer service employee had told the victim and also telling the victim to move the victim's funds to purported third-party or government accounts represented as accounts that are secure, where the funds would be safe from the purported hackers.

    c. The purported law enforcement agent or bank employee coordinates the transfer of the victim's funds to the purported secure accounts, which in fact are accounts controlled by CCS participants, and which are used to convert the funds to the CCS participants' benefit, or otherwise transferring currency or things of value to CCS participants, without the victim's knowledge or consent. These transfers take a variety of forms, including the victim taking the following actions: (i) initiating direct bank transfers from victim's accounts to purported secure accounts; (ii) withdrawing currency that is handed over to CCS participants for purported deposit into the secure accounts; and (iii) using funds to acquire things of value that are handed over, or otherwise transferred, to CCS participants purportedly to be converted into

funds to be deposited in secure accounts or otherwise secured for the victim.

## COUNT 1
(Money Laundering Conspiracy, 18 U.S.C. § 1956(h))

The Grand Jury charges:

6. The factual allegations contained in Paragraphs 1 through 4 are re-alleged and incorporated as though fully set forth herein.

7. From in or around January 2023 through on or about November 7, 2023, in the Northern District of Ohio, Eastern Division, and elsewhere, Defendants SHREYAS BALDEVBHAI CHAUDHARY, TRUSHA CHAUDHARY, YASH RAVAL, and others unknown to the Grand Jury knowingly and intentionally combined, conspired, and agreed with at least one or more persons to knowingly conduct and attempt to conduct financial transactions affecting interstate and foreign commerce, which transactions involved the proceeds of specified unlawful activity, that is, Wire Fraud in violation of Title 18, United States Code, Section 1343, and proceeds believed to be proceeds of Wire Fraud, knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i) and (a)(3)(B).

### Manner and Means of the Conspiracy

8. The manner and means by which Defendants and their unknown co-conspirators carried out the conspiracy included, but were not limited to, the following:

   a. Defendants and their co-conspirators engaged in CCS fraud schemes targeted at individuals across the United States.

b.  Defendants and their co-conspirators, obtained proceeds of the CCS fraud schemes from the victims by traveling to meet with victims at or near their homes, including driving by car to travel to designated locations, where Defendants and their co-conspirators would meet with victims and pick up U.S. currency or gold provided by victims for the purported purpose of securing the funds; or traveling to mail access point locations, where Defendants would present fraudulent identification cards, to pick up packages containing U.S. currency, which were shipped by victims for the purported purpose of securing the funds.

c.  Defendants and other co-conspirators communicated with one another through in-person meetings, mobile messaging applications, and other means in order to coordinate their activities and work together to launder funds obtained through CCS fraud schemes, arranging to transport and transfer U.S. currency proceeds in order to obscure the origins of the funds obtained from victims while concealing the co-conspirators' control and ownership of the funds.

d.  SHREYAS BALDEVBHAI CHAUDHARY directed YASH RAVAL and TRUSHA CHAUDHARY to act as couriers of U.S. currency and property.

e.  TRUSHA CHAUDHARY and RAVAL travelled to various locations in the United States to collect money and property from victims.

f.  TRUSHA CHAUDHARY and RAVAL traveled from meeting with victims, by car, to deliver money and property to unknown co-conspirators for further laundering to conceal the sources of the funds.

### Overt Acts

9.  In furtherance of the above conspiracy, and to effect its objects and conceal the existence thereof, Defendants and other co-conspirators performed acts in the Northern District

Case 5:24-cr-00089-JHC Document 1 Filed 10/29/24 Page 4 of 6

4

of Ohio and elsewhere, including, but not limited to, the following:

 a. On or about January 23, 2023, an unknown co-conspirator, falsely acting as a customer service representative, directed and caused Victim 2 to send funds to a UPS access point in Riverdale, Illinois.

 b. On or about January 25, 2023, TRUSHA CHAUDHARY, attempted to pick up funds at the UPS access point in Riverdale, Illinois to transfer those funds to an unknown co-conspirator.

 c. From on or about October 15, 2023, through November 7, 2023, co-conspirators, falsely acting as customer service representatives and bank employees, directed and caused Victim 1 to withdraw funds from his bank account and give those funds to a co-conspirator.

 d. On or about November 7, 2023, RAVAL, at the direction of a co-conspirator, traveled via car from Erie, Pennsylvania to Salem, Ohio.

 e. After arriving in Salem, RAVAL, at the direction of SHREYAS BALDEVBHAI CHAUDHARY, traveled to Victim 1's residence.

 f. After arriving at Victim 1's residence, RAVAL met with Victim 1 and received from Victim 1 a wrapped package containing $50,000 of law enforcement funds that RAVAL believed were proceeds from wire fraud.

 g. RAVAL transported $50,000 in cash in a car.

All in violation of Title 18, United States Code, Section 1956(h).

## FORFEITURE

The Grand Jury further charges:

10. The allegations of Count 1 are hereby re-alleged and incorporated herein by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 982. As a result of the foregoing offenses, Defendants SHREYAS BALDEVBHAI CHAUDHARY, TRUSHA CHAUDHARY, YASH RAVAL shall forfeit to the United States, all property involved in the violation charged herein, and all property traceable to such property.

A TRUE BILL.

Original document - Signatures on file with the Clerk of Courts, pursuant to the E-Government Act of 2002.